UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

TERRELL WILLIAMS,

*Petitioner,*

– against –

SUPERINTENDENT, GHCF,

*Respondent.*

**ORDER**
23-cv-05595 (NCM)

**NATASHA C. MERLE**, United States District Judge:

On October 31, 2025, the Court denied petitioner's petition for writ of habeas corpus, but did not rule on whether a certificate of appealability would issue. *See* Mem. & Order ("Order"), ECF No. 24. Petitioner has not requested a certificate of appealability in these proceedings, *see* Am. Pet., ECF No. 15; Reply in Supp. of Am. Pet., ECF No. 21, but he timely filed a notice of appeal, Notice of Appeal, ECF No. 26. The Court thus sua sponte considers whether a certificate of appealability shall issue. *See Diallo v. United States*, No. 12-cv-03310, at *10 (S.D.N.Y. Sep. 10, 2014) ("Although [the petitioner] did not request a Certificate of Appealability . . . in his petition, we sua sponte consider it."); *Atkinson v. United States*, No. 05-cv-00286, 2009 WL 10728090, at *1 (N.D.N.Y. Dec. 7, 2009) ("To date [the petitioner] has not applied for a Certificate of Appealability . . . but the [c]ourt will address the issue sua sponte.").

A certificate of appealability "should issue where a habeas petitioner has made a substantial showing of the denial of a constitutional right." *Smith v. Fischer*, No. 07-cv-02966, 2012 WL 695432, at *23 (S.D.N.Y. Mar. 5, 2012) (quoting 28 U.S.C. § 2253(c)).

1

The "touchstone" of the required showing "is whether resolution of the petition was debatable among jurists of reason," or whether "the issues presented were adequate to deserve encouragement to proceed further." *Id.* (first quoting *Miller-El v. Cockrell*, 547 U.S. 322, 336 (2003); and then quoting *Rhagi v. Artuz*, 309 F.3d 103, 106 (2d Cir. 2001)).

For the reasons set forth in the Court's Order, the Court finds that petitioner has made a substantial showing of the denial of a constitutional right. Therefore, the issuance of a Certificate of Appealability is granted as to whether petitioner's Confrontation Clause rights were violated, and, if so, whether any such violation was harmless.

The Clerk of Court is respectfully directed to amend the judgment solely to reflect the Court's grant of a certificate of appealability.

**SO ORDERED.**

   */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge

Dated:       March 12, 2026
             Brooklyn, New York

2